1  Shaun Setareh (SBN 204514)
      shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
      thomas@setarehlaw.com
3  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   DEAN R. ROBBINS

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11

12  DEAN A. ROBBINS, on behalf of himself, all       Case No. 3:18-cv-00292-EDL
    others similarly situated,
13                                                    Assigned For All Purposes To The Honorable
              *Plaintiff*,                            Richard Seeborg, Courtroom 3
14
         vs.                                          **CLASS ACTION**
15
    PHILLIPS 66 COMPANY, a Delaware                   **FIRST AMENDED COMPLAINT**
16  corporation; and DOES 1 through 50,
    inclusive,                                        1.  Failure to Provide Meal Periods (Lab. Code
17                                                        §§ 204, 223, 226.7, 512 and 1198);
              *Defendants*.                           2.  Failure to Provide Rest Periods (Lab. Code
18                                                        §§ 204, 223, 226.7 and 1198);
                                                      3.  Failure to Pay Hourly Wages (Lab. Code §§
19                                                        223, 510, 1194, 1194.2, 1197, 1997.1 and
                                                         1198);
20                                                    4.  Failure to Provide Accurate Written Wage
                                                         Statements (Lab. Code §§ 226(a));
21                                                    5.  Failure to Timely Pay All Final Wages
                                                         (Lab. Code §§ 201, 202 and 203);
22                                                    6.  Unfair Competition (Bus. & Prof. Code §§
                                                         17200 *et seq.*);
23                                                    7.  Civil Penalties (Lab. Code §§ 2698 *et seq.*);

24                                                    **JURY TRIAL DEMANDED**

25

26

27

28

COMES NOW, Plaintiff DEAN A. ROBBINS ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class and representative action against Defendant PHILLIPS 66 COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have

(1)     failed to provide him and all other similarly situated individuals with meal periods;

(2)     failed to provide them with rest periods;

(3)     failed to pay them premium wages for missed meal and/or rest periods;

(4)     failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

(5)     failed to pay them at least minimum wage for all hours worked;

(6)     failed to pay them overtime wages at the correct rate;

(7)     failed to pay them double time wages at the correct rate;

(8)     failed to provide them with accurate written wage statements; and

(9)     failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTON AND VENUE

2.     This Court has original jurisdiction of this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d).

3.     Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

4.      This Court has personal jurisdiction over this matter because Defendants conduct substantial business activity in this District, and because many of the unlawful acts described in this Complaint occurred in this District and gave rise to the claims alleged herein.

## PARTIES

5.      Plaintiff DEAN A. ROBBINS is, and at all relevant times mentioned herein, an individual residing in the State of California.

6.      Plaintiff is informed and believes, and thereupon alleges that Defendant PHILLIPS 66 COMPANY is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

7.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

8.      Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

9.      Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

## GENERAL ALLEGATIONS

10.      Defendants employed Plaintiff, and similarly situated employees, at an hourly rate of

FIRST AMENDED CLASS ACTION COMPLAINT

pay and so were non-exempt employees under California law.

11. Plaintiff worked for Defendants as a non-exempt, hourly employee from approximately September 10, 1984 until his last day worked of November 27, 2016.

12. Although Plaintiff held various positions during his employment with Defendants, he was always a non-exempt employee and entitled to meal and rest periods and overtime compensation.

**Missed Meal Periods**

13. Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

14. For example, Plaintiff was required to work through his meal periods, took his meal periods after the fifth hour of work, and/or took less than the full thirty minutes allotted for his meal periods at least three to four times each week during the class period.

15. By way of example and without limiting Plaintiff's claims, during the following weeks, Plaintiff was required to work through his meal periods, took his meal periods after the fifth hour of work, and/or took less than the full thirty minutes allotted for his meal periods in order to complete his work as other co-workers were out and no one was designated to fill their spots during their absences:

- December 8, 2014 through December 9, 2014
- July 6, 2015 through July 10, 2015
- October 19, 2015 through October 22, 2015
- July 6, 2016 through July 22, 2016
- October 3, 2016 through October 7, 2016
- October 20, 2016 through October 25, 2016

FIRST AMENDED CLASS ACTION COMPLAINT

16.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

### **Missed Rest Periods**

17.    Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

18.    For example, Plaintiff was required to work through his rest periods almost every day in order to complete his work during the class period.

19.    By way of example and without limiting Plaintiff's claims, during the following weeks, Plaintiff was required to work through his rest periods in order to complete his work as other co-workers were out and no one was designated to fill their spots during their absences:

- December 8, 2014 through December 9, 2014
- July 6, 2015 through July 10, 2015
- October 19, 2015 through October 22, 2015
- July 6, 2016 through July 22, 2016
- October 3, 2016 through October 7, 2016
- October 20, 2016 through October 25, 2016

20.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**Meal Periods and Off-the-Clock**

21.     Plaintiff and the putative class were scheduled to work shifts of at least eight and one-half hours.  Defendants automatically deducted a half-hour from each employees' time worked in order to account for the purported meal period they were supposed to take during their shift as Plaintiff did not clock out for his meal periods.  At the time, Defendants did not have a policy requiring employees to clock out for their meal periods.

22.     However, Plaintiff and the putative class were not always able to take their meal periods, were not always able to take their meal periods by the fifth hour of work, and/or took less than the full thirty minutes allotted for their meal periods due to the exigencies of their job duties. For example, Plaintiff regularly worked at his desk and took his meal periods there.  When phone calls came in, he would answer them even though he was on his meal period.

23.     On most days, Plaintiff would take less than the full thirty minutes allotted for his meal period and return to work, but was not paid for all the time working off-the-clock.

24.     By way of example and without limiting Plaintiff's claims, during the following weeks, Plaintiff was required to work through his meal periods, took his meal periods after the fifth hour of work, and/or took less than the full thirty minutes allotted for his meal periods in order to complete his work as other co-workers were out and no one was designated to fill their spots during their absences:

- December 8, 2014 through December 9, 2014
- July 6, 2015 through July 10, 2015
- October 19, 2015 through October 22, 2015
- July 6, 2016 through July 22, 2016
- October 3, 2016 through October 7, 2016
- October 20, 2016 through October 25, 2016

25.     Plaintiff and the putative class were not paid all wages earned as Defendants directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

26.     Defendants had a policy or practice of deducting a half-hour from employees' time

worked in order to account for purported meal periods that they were supposed to take during their shifts.  However, due to the exigencies of their job, Plaintiff and the putative class were not always able to take their meal periods and/or to take their meal periods before the fifth hour of work.

27.    Plaintiff and the putative class regularly performed work when they were clocked out by Defendants for purported meal periods and were not paid for this time.

28.    As a result of performing off-the-clock work that was directed, permitted or otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this time.  Instead, Defendants only paid Plaintiff and the putative class based on the time they were clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent working off-the-clock when the y were clocked out by Defendants.

29.    Defendants knew or should have known that Plaintiff and the putative class were performing work before and after their scheduled work shifts and failed to pay Plaintiff and the putative class for these hours.

30.    As a result of Defendants' policies and practices, Plaintiff and the putative class were not paid for all hours worked.

**Improper Rounding Practices**

31.    Defendants utilize a rounding practice that is not "fair and neutral" and which results in a failure to pay employees over a period of time.

32.    Defendants have a practice or policy of rounding all hours worked by employees in quarter-hour increments.

33.    Plaintiff is informed and believes, and thereupon alleges, that Defendants have not, did not, and do not keep records of actual hours worked by Plaintiff and the putative class.  In the absence of records showing actual hours worked, Plaintiff and the putative class are unable to ascertain whether (1) Defendants' rounding practices comply with California law; (2) whether Defendants' rounding practices resulted over a period of time, in failure to compensate Plaintiff and the putative class properly for all the time they actually worked; and (3) whether Plaintiff and the

34.    Plaintiff is informed and believes, and thereupon alleges, that Defendants have not, did not, and do not keep records of actual hours worked by Plaintiff and the putative class.  In the

absence of records showing actual hours worked, Plaintiff and the putative class are unable to ascertain whether (1) Defendants' rounding practices comply with California law; (2) whether Defendants' rounding practices resulted over a period of time, in failure to compensate Plaintiff and the putative class properly for all the time they actually worked; and (3) whether Plaintiff and the putative class were properly paid for all hours worked.

**Wage Statements**

35.    Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

36.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

37.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

38.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

39.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

**Joint Employer Liability**

40.    Upon information and belief, Plaintiff alleges that Defendants regularly hired employees through a staffing agency that placed workers at facilities owned and operated by Defendants.  Once placed at Defendants' facilities, workers were under the direction and control of Defendants.  Defendants determined the work hours for each worker, the job duties to be performed by each worker, the specific location where each worker performed their duties, and how much each worker was to be paid.

## CLASS ALLEGATIONS

41.    This action has been brought and may be maintained as a class action pursuant to Fed. R. Civ. P. 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

42.    **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class**:  All persons employed by Defendants directly and/or as a contractor and/or by any staffing agencies as a joint employer in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

**Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants and/or any staffing agencies during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

43.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

44.    **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  On information and belief, the number of similarly situated current and former non-exempt employees employed by Defendants exceeds 100 workers.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

45.    **Commonality and Predominance:**  Common questions of law and fact exist as to

1   all class members and predominate over any questions which affect only individual class members.

2   These common questions include, but are not limited to:

3       A.   Whether Defendants maintained a policy or practice of failing to provide

4            employees with their meal periods;

5       B.   Whether Defendants maintained a policy or practice of failing to provide

6            employees with their rest periods;

7       C.   Whether Defendants failed to pay premium wages to class members when

8            they have not been provided with required meal and/or rest periods;

9       D.   Whether Defendants failed to pay minimum and/or overtime wages to class

10           members as a result of policies that fail to provide meal periods in accordance

11           with California law;

12      E.   Whether Defendants failed to pay minimum and/or overtime wages to class

13           members for all time worked;

14      F.   Whether Defendants failed to provide class members with accurate written

15           wage statements as a result of providing them with written wage statements

16           with inaccurate entries for, among other things, amounts of gross and net

17           wages, and total hours worked;

18      G.   Whether Defendants applied policies or practices that result in late and/or

19           incomplete final wage payments;

20      H.   Whether Defendants are liable to class members for waiting time penalties

21           under Labor Code section 203;

22      I.   Whether class members are entitled to restitution of money or property that

23           Defendants may have acquired from them through unfair competition;

24      46.   **Typicality:**  Plaintiff's claims are typical of the other class members' claims.

25   Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

26   failing to comply with the Labor Code and Business and Professions Code as alleged in this

27   Complaint.  Specifically, Plaintiff's claims challenge Defendants' practice of failing to provide

28   meal and/or rest periods and failing to pay for all hours worked as required under California law.

Plaintiff's claims are also typical of the claims of the class members because Plaintiff and the putative class suffered the same type of wrongful conduct as a result of Defendants' failure to comply with California wage and hour laws.

47.     **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.  Upon information and belief, Defendants have no unique defenses against Plaintiff that would interfere with Plaintiff's representation of the class.

48.     **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

49.     **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

50.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

fully alleged herein.

51.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

52.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

53.     Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

54.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

55.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

56.     Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

57.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

58.     Plaintiff alleges that, at all relevant times during the applicable limitations period,

11

Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

59.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

60.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour for a meal period from the paychecks of **Meal Period Sub-Class** members on each day they worked, regardless of whether or not they were able to take an uninterrupted, duty-free meal period.

61.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

62.     Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

63.     At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

64.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

65.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (Plaintiff and Rest Period Sub-Class)

66.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

67.     At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

68.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

69.     Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

70.     Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

71.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

72.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

73.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

74.     Specifically, Defendants written policies do not provide that employees may take a

rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

75.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

76.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

<u>**THIRD CAUSE OF ACTION**</u>

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

77.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

78.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

79.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

80.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

81.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

82.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

1    addition to the underlying unpaid minimum wages and interest thereon.

2        83.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

3    than the minimum wage required under the applicable Wage Order for all hours worked during a

4    payroll period.

5        84.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

6    person acting either individually or as an officer, agent or employee of another person, to pay an

7    employee, or cause an employee to be paid, less than the applicable minimum wage.

8        85.    Labor Code section 1198 makes it unlawful for employers to employ employees

9    under conditions that violate the applicable Wage Order.

10       86.    Labor Code section 204 requires employers to pay non-exempt employees their

11   earned wages for the normal work period at least twice during each calendar month on days the

12   employer designates in advance and to pay non-exempt employees their earned wages for labor

13   performed in excess of the normal work period by no later than the next regular payday.

14       87.    Labor Code section 223 makes it unlawful for employers to pay their employees

15   lower wages than required by contract or statute while purporting to pay them legal wages.

16       88.    Labor Code section 510 and Section 3 of the applicable Wage Order require

17   employees to pay non-exempt employees overtime wages of no less than one and one-half times

18   their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

19   hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

20   the seventh consecutive day of one workweek.

21       89.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

22   employers to pay non-exempt employees overtime wages of no less than two times their respective

23   regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

24   worked in excess of eight hours on a seventh consecutive workday during the workweek.

25       90.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

26   centrally devised policies and practices to her and **Hourly Employee Class** members with respect

27   to working conditions and compensation arrangements.

28       91.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

**Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

92.     At all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour from Plaintiff's timecard on every workday for a meal period, regardless of whether or not Plaintiff was provided with a meal period.

93.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour from **Hourly Employee Class** members' timecard on every workday for a meal period, regardless of whether or not **Hourly Employee Class** members were provided with a meal period.

94.     As a result of Defendants' policy or practice of automatically deducting one-half hour from employees' timecards for every workday for a meal period, Plaintiff and **Hourly Employee Class** members were required to perform off-the-clock work that Defendants either knew or should have known they were working.

95.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or permitting her to work during unpaid meal periods and/or failing to properly pay Plaintiff for all overtime hours worked.

96.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not paying hourly wages to **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

97.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

98.     As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period,

including overtime wages.

99.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

100.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

<u>**FOURTH CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Sub-Class)**

101.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

102.    Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

103.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

104.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

105.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

106.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

107.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

108.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

109.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

110.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

111.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

112.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

113.    Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

114.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

115.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

116.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

117.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

<u>**SIXTH CAUSE OF ACTION**</u>

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

118.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

119.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

120.    Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

121.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

122.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST, SECOND, THIRD, FOURTH and FIFTH causes of action herein.

123.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

124.    Defendants have or may have acquired money by means of unfair competition.

125.    Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

126.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to provide non-exempt employees with rest periods of at least ten minutes for every four hours of work or major fraction thereof, and by failing to pay non-exempt employees for all hours worked.

127.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

128.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*.  Business and Professions Code sections 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on behalf of similarly situated persons in a class action proceeding.

129.    As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

130.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

131.    Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

132.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

133.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor

Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

134.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

135.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES

**(Lab. Code §§ 2698 *et seq.*)**

136.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

137.    During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802.

138.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

139.    Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

140.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

141.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil

penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802:

      A.      For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194, 1198 and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

      B.      For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

      C.      For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

      D.      For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

      E.      For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation.  Alternatively, if an initial citation or its equivalent occurred before the filing of this action,

$1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F.      For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G.      For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

H.      Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable attorneys' fees and costs in connection with her claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

(1)     An order that the action be certified as a class action;

(2)     An order that Plaintiff be appointed class representative;

(3)     An order that counsel for Plaintiff be appointed class counsel;

(4)     Unpaid wages;

(5)     Actual damages;

(6)     Liquidated damages;

(7)     Restitution;

(8)     Pre-judgment interest;

(9)     Statutory penalties;

(10)    Civil penalties;

(11)    Costs of suit;

(12)    Reasonable attorneys' fees; and

FIRST AMENDED CLASS ACTION COMPLAINT

1       (13)    Such other relief as the Court deems just and proper.

2                           **DEMAND FOR JURY TRIAL**

3       Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby

4    demands a jury trial on all issues so triable.

5

6    DATED:  January 31, 2018                    SETAREH LAW GROUP

7

8

9                                          ___/S/ Shaun Setareh_____
10                                         SHAUN SETAREH
                                           Attorneys for Plaintiff
11                                         DEAN A. ROBBINS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT