Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
DEAN R. ROBBINS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. ROBBINS, on behalf of himself, all others similarly situated,<br><br>     *Plaintiff*,<br><br>  vs.<br><br>PHILLIPS 66 COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>     *Defendants*. | Case No. 3:18-cv-00292-RS<br><br>Assigned For All Purposes To The Honorable Richard Seeborg, Courtroom 3<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT PHILLIPS 66 COMPANY'S MOTION TO DISMISS AND TO STRIKE CERTAIN ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     April 5, 2018<br>Time:    1:30 p.m.<br>Place:   Courtroom 3, 17th Floor |

**TABLE OF CONTENTS**

I.   INTRODUCTION………………………………………………..… 1

    A.  Rule 12(b)(6) Motion to Dismiss………………………………………………1

    B.  Rule 12(f) Motion to Strike………………………………………………2

II.  PROCEDURAL HISTORY………………………………………..………3

III. LEGAL STANDARD………………………………………………3

    A.  Rule 12 Motions are Disfavored…………………………..………………3

    B.  The FAC Sets Forth Plausible Claims Under the Liberal Notice Pleading

        Standard of Federal Rule of Civil Procedure 8(a)(2)……………………………4

IV. DEFENDANT'S MOTION TO DISMISS……………………………………..………..5

    A.  Plaintiff's Meal Period Cause of Action is Sufficiently Pled Because It

        Affirmatively Asserts That Defendant Failed to Provide and Properly Compensate

        For Missed Meal Periods, In Part Because They Did Not Have a Compliant

        Written Meal Period Policy………………………………………………...……..5

        1.  The Case Law Phillips 66 Relies Upon Are Not Applicable Because They Are

            Materially and Factually Distinguishable………………..…………………7

    B.  The FAC Alleges Sufficient Facts To Support Plaintiff's Second Cause of Action

        for Failure To Provide Rest Periods………………………………………………8

    C.  The FAC Alleges Sufficient Facts To Support Plaintiff's Third Cause of Action

        For Failure to Pay All Hourly Wages Because Plaintiff and Class Members

        Worked Off-The-Clock and Because Phillips 66 Failed To Pay Employees

        Premium Wages For Missed Meal and Rest Periods………………………….……9

        1.  Phillips 66 Overlooks Allegations That Plaintiff and Class Members Worked

            Shifts of At Least Eight and One-Half Hours and That Phillips 66

            Automatically Deducted One-Half Hour For Purported Meal Periods……...10

i

D.  The FAC Alleges Sufficient Facts To Support Plaintiff's Derivative Claims…...11

V.  DEFENDANT'S MOTION TO STRIKE………………………………………..…...11

A.  This Court Should Not Strike Portions of Plaintiff's Class Definitions………...11

B.  This Court Should Not Strike Plaintiff's Rounding Claims…………………...13

C.  Plaintiff's Class Allegations Should Not Be Stricken As Phillips 66's Motion to Strike is Premature……………………………………………...……...14

VI. CONCLUSION…………………………………………………...…………...15

TABLE OF AUTHORITIES

*Acho v. Cort*,

2009 WL 3562472, at *3 (N.D. Cal. Oct. 27, 2009)……………………………..…………….1

*Ambriz v. Coca Cola Co.*,

2013 WL 5947010, at *3 (N.D. Cal. Nov. 5, 2013)……………………………………..……..7

*Ashcroft v. Iqbal*,

556 U.S. 662, 678 (200)…………………………………………………………...4

*Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 571 (2007)………………………………………………………….3,4

*Bellinghausen v. Tractor Supply Co.*,

2013 U.S. Dist. LEXIS 131384 at *9-16 (N.D. Cal. Sept. 13, 2013)……………………………7

*Bennett v. Schmidt*,

153 F. 3d 516,518 (7th Cir. 1988)……………………………………...………..3

*Benton v. Telecom Network Specialists, Inc.*,

220 Cal.App.4th 701 (2013)……………………………………………………...13

*Brown v. Wal-Mart Stores, Inc.*,

2013 U.S. Dist. LEXIS 55930 at *12-14 (N.D. Cal. April 18, 2013)……………………………7

*Cholakyan v. Mercedes-Benz USA, LLC*,

796 F.Supp.2d 1220, 1245………………………………………………..……..4

*Eminence Capital, LLC v. Aspeon, Inc.*,

316 F.3d 1048, 1051 (9th Cir. 2003)………………………………………..……..5

*Erickson v. Pardus*,

551 U.S. 89, 93 (2007) at 93……………………………………………………………4

*Gilligan v. Jamco Dev. Corp.*,

108 F. 3d 246, 294 (9th Cir. 1997)…………………………………………………..3

*Houston Cas. Co. v. Crum & Forster Ins. Co.*,

No. 1:16-cv-535-LJO-EPG, 2016 WL 4494444………………………….……….14

*Landers v. Quality Commun., Inc.*,

771 F.3d 638, 644 (9th Cir. 2014)…………………………………………………1,4

*Meyer v. National Tenant Network, Inc.*,

10 F.Supp.3d 1220, 1245 (N.D. Cal. 2014)………………………...………….4,12

*Morris v. Solar City Corp.*,

2016 WL 1359378 *3 (N.D. Cal. 2016)………………………………..……..14

*Muan v. Vitug*,

2013 WL 2403596, at *2 (N.D. Cal. May 31, 2013)……………………….…….9

*Navarro v. Block*,

250 F.3d 729, 732 (9th Cir. 2001)…………………………………...………….7

*Oracle America, Inc. v. Micron Tech., Inc.*,

817 F. Supp. 2d 1128 (N.D. Cal. 2011…………………………….…..…12

*Pareto v. F.D.I.C.*,

139 F.3d 696, 699 (9th Cir. 1998)………………………………..……….4

*Robbins v. Phillips 66 Company*,

Case No. CGC-17-562672,……………………………………………………………………………3

*Scho v. Cort*,

2009 WL 3562472, at *3 (N.D. Cal. Oct. 27, 2009)…………………………………………………9

*Twombly*,

550 U.S. 544, 555-556)……………………………………………………………………………4

*United States v. Redwood City*,

640 F.2d 963, 966 (9th Cir. 1981)……………………………………………………..……4

*Walmart Stores, Inc. Wage and Hour Litigation*,

505 F.Supp.2d 609, 615 (N.D. Cal. 2007)………………………………………………………14

*Weigele v. FedEx Ground Package Sys., Inc.*,

2010 WL 4723673 (S.D. Cal. Nov. 15, 2010)……………………………………..………7

*Whittlestone, Inc. v. Handi-Craft Co.*,

618 F.3d 970 (9th Cir. 2010………………………………………………………………11,14

*Yamamoto v. Omiya*,

564 F.2d 1319, 1327 (9th Cir. 1977)……………………………………………………14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

### A.  Rule 12(b)(6) Motion to Dismiss

Defendant PHILLIPS 66 COMPANY ("Phillips 66") brings its Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint ("FAC") by ignoring relevant portions of the FAC and selectively highlighting certain allegations to the exclusion of others, seeking to convince the Court that the FAC is "devoid of factual allegations that would even remotely satisfy the *Iqbal/Twombly* pleading standard. (Mot. at 7:9-10.)  Not surprisingly, and upon closer examination, the FAC clearly and more than adequately satisfies the *Iqbal/Twombly* standard such that Phillips 66's motion should be denied in its entirety.

Phillips 66 simply ignores the fact that the nature of California's wage laws are such that the detail demanded by Phillips 66 is not required: "Detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim." *Landers v. Quality Commun., Inc.,* 771 F.3d 638, 644 (9th Cir. 2014).  "It cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records." *Acho v. Cort*, 2009 WL 3562472, at *3 (N.D. Cal. Oct. 27, 2009).

In any event, Phillips 66's Motion to Dismiss fails because, contrary to its assertions, Plaintiff has alleged facts necessary to place Defendant on notice of Plaintiff's claims.

In his FAC, Plaintiff's First Cause of Action is sufficiently plead because he alleges that Phillips 66 failed to provide and properly compensate Plaintiff and Meal Period Sub-Class members for missed meal periods, in part because they had a non-compliant written policy regarding meal periods. (FAC ¶¶ 1, 13-16, 21-30, 51-65, 126).

Plaintiff's Second Cause of Action for failure to provide rest periods is sufficiently plead because he alleges that Phillips 66 failed to provide and properly compensate Plaintiff and Rest Period Sub-Class members for missed rest periods, in part because they had a non-compliant written policy regarding rest periods. (FAC ¶¶ 1, 17-20, 67-76, 126).

Plaintiff's Third Cause of Action for failure to pay hourly wages is sufficiently plead because he alleges that Plaintiff and Hourly Employee Class members worked off-the-clock, and

1   that Defendant failed to pay employees for overtime and/or premium pay for missed meal and rest

2   periods. (FAC ¶¶ 1, 21-30, 59-61, 63, 91-97).

3         Because Plaintiff's allegations regarding his First, Second and Third Causes of Action were

4   adequately plead, his derivative claims as alleged in the Fourth Cause of Action for failure to

5   provide accurate written wage statement, Fifth Cause of Action for failure to timely pay all final

6   wages and Sixth Cause of Action for unfair competition all remain viable and should not be

7   dismissed.

8         Should the Court find that the FAC fails to satisfy the *Iqbal/Twombly* standard, Plaintiff

9   respectfully requests leave to amend his complaint with more specific allegations to comply with

10  pleading requirements.

11  **B.  Rule 12(f) Motion to Strike**

12        Phillips 66 also seeks to strike portions of the FAC by selectively highlighting certain

13  allegations to the exclusion of others and then claiming that there are no other allegations that

14  would support those claims, in an effort to improperly pare down Plaintiff's claims and to reduce its

15  exposure in this case.

16        Plaintiff's class definitions that include references to "contractors" and "staffing companies"

17  should not be stricken because Plaintiff has adequately alleged Phillips 66's liability as a joint

18  employer who exercised direction and control over individuals it hired as contractors and/or through

19  staffing agencies. (FAC ¶¶ 1, 40.)

20        Plaintiff's rounding claims should not be stricken because Plaintiff has adequately alleged

21  that Phillips 66 failed to maintain records of actual hours worked such that it was impossible to

22  determine whether Phillips 66's rounding practices resulted over a period of time in the failure to

23  pay Plaintiff and the putative class for all the time they actually worked. (FAC ¶¶ 33-34.)

24        Plaintiff's class allegations should not be stricken because the FAC taken as a whole

25  sufficiently demonstrates that the requirements for maintaining a class may be met and discovery or

26  factual development could support the class claims based on the meal period auto-deduct policy and

27  off-the-clock work. (FAC ¶¶ 21-30.)

28  *///*

PLAINTIFF'S OPPOSITION TO DEFENDANT PHILLIPS 66 COMPANY'S MOTION TO DISMISS AND TO
STRIKE CERTAIN ALLEGATIONS

## II.     PROCEDURAL HISTORY

On November 27, 2017, Plaintiff filed a class action against his former employer Phillips 66 in the San Francisco County Superior Court captioned *Robbins v. Phillips 66 Company*, Case No. CGC-17-562672, on behalf of himself and all others similarly situated.  In his complaint, Plaintiff asserts that Phillips 66 failed to provide meal and rest periods, failed to pay hourly wages, failed to provide legally compliant wage statements, failed to timely pay former employees' wages, and engaged in unfair competition.

On January 12, 2018, Defendant removed the action to this Court under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d). (ECF No. 1.)  On January 19, 2018, Phillips 66 filed its Motion to Dismiss. (ECF No. 7.)  On January 31, 2018, Plaintiff his FAC. (ECF No. 15.)  This Court subsequently denied Phillips 66's motion to dismiss as moot. (ECF No. 16.)  On February 14, 2018, Phillips 66 re-filed it motion to dismiss (ECF No. 17.)

## III.    LEGAL STANDARD

### A.  Rule 12 Motions Are Disfavored

Pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6), a claim may be dismissed because a plaintiff "fail[s] to state a claim upon which relief can be granted."  The sole issue raised by a Rule 12(b)(6) motion is whether, if established, the facts pleaded will support a *plausible* claim for relief.  Thus, no matter how improbably the facts alleged are, they must be accepted as true for the purposes of the motion, and must only be enough to "raise a right to relief above the speculative level (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 571 (2007) ("*Twombly*") ("Recovery may seem remote and unlikely on the face of the pleading, but that is not the test for dismissal.")

A motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F. 3d 246, 294 (9th Cir. 1997) (citations omitted); accord *Bennett v. Schmidt*, 153 F. 3d 516,518 (7th Cir. 1988) ("Instead of lavishing attention on the complaint until plaintiff gets it right, a district court should keep the case moving—if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment.").  Rule 8 contains "a powerful

PLAINTIFF'S OPPOSITION TO DEFENDANT PHILLIPS 66 COMPANY'S MOTION TO DISMISS AND TO STRIKE CERTAIN ALLEGATIONS

1   presumption against rejecting pleadings for failure to state a claim." *Gilligan, supra,* 108 F. 3d at

2   249.  Motions to dismiss are disfavored because a court must accept as true all material allegations

3   in the complaint, as well as *reasonable inferences to be drawn from them. Pareto v. F.D.I.C.*, 139

4   F.3d 696, 699 (9th Cir. 1998).  A motion to dismiss is proper only in extraordinary cases. *United*

5   *States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

6       Likewise, striking class allegations under Rule 12(f) is particularly disfavored and in most

7   cases, the court should "await the development of a factual record before determining whether the

8   case should move forward on a representative basis." *Cholakyan v. Mercedes-Benz USA, LLC*, 796

9   F.Supp.2d 1220, 1245 ("it is in fact rare to (strike class allegations) in advance of a motion for

10  class certification" (parentheses added); *Meyer v. National Tenant Network, Inc.*, 10 F.Supp.3d

11  1220, 1245 (N.D. Cal. 2014),

12  **B.  The FAC Sets Forth Plausible Claims Under the Liberal Notice Pleading Standard of Federal Rule of Civil Procedure 8(a)(2)**

13

14      Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short

15  and plain statement of the claim showing that the pleader is entitled to relief…" *Landers v. Quality*

16  *Commc'ns, Inc.*, 771 F.3d 638, 640-41 (9th Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).  The

17  Supreme Court clarified in *Twombly* that to satisfy Rule 8(a)(2), a complaint must contain sufficient

18  factual content "to state a claim to relief that is plausible on its face…" *Bell Atlantic Corp. v.*

19  *Twombly*, 550 U.S. 544, 570 (2007).  This requirement of plausibility was reinforced in *Ashcroft v.*

20  *Iqbal*, 556 U.S. 662, 678 (200() (explaining that to satisfy Rule 8(a)(2), "a complaint must contain

21  sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face")

22  (citation and quotation marks omitted).

23      A plaintiff need only give a defendant fair notice of the claims asserted and the grounds

24  upon which they rest. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) at 93 (quoting *Twombly*, 550 U.S.

25  544, 555-556).  A claim for relief is plausible on its face "when the plaintiff pleads factual content

26  that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

27  alleged…" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

28      This standard does not rise to the level of probability requirement, but it demands "more

4

than a sheer possibility that a defendant has acted unlawfully…" *Id.* (citations omitted).  In evaluating whether a complaint states a plausible claim for relief, courts rely on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Id.* at 679.

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy is to be applied with extreme liberality.") (citation omitted).

## IV.   DEFENDANT'S MOTION TO DISMISS

### A.   Plaintiff's Meal Period Cause of Action is Sufficiently Pled Because It Affirmatively Asserts That Defendant Failed to Provide and Properly Compensate For Missed Meal Periods, In Part Because They Did Not Have a Compliant Written Meal Period Policy

Plaintiff alleges that he worked for Phillips 66 as an hourly, non-exempt employee from approximately September 10, 1984 until his last day worked of November 27, 2017. (FAC ¶ 11.) Plaintiff has alleged facts necessary to place Phillips 66 on notice of his claims, as Phillips 66 admits that Plaintiff's complaint alleges that "Defendants maintained a policy or practice of not providing Plaintiff and [putative class] members with meal and rest breaks." (Mot. at 11:12-14.)

As a matter of policy and practice, Plaintiff and the other Meal Period Sub-Class members were routinely denied meal periods and were not paid for meal periods they worked through. (FAC ¶¶ 13-16, 21-30, 58-62, 92-97, 126.)  Plaintiff specifically alleges in the FAC that:

> 57.  At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

> 58.  Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

> 59.  Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

> 60.  Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour for a meal period from the paychecks of **Meal Period Sub-Class** members

on each day they worked, regardless of whether or not they were able to take an uninterrupted, duty-free meal period.

61.  Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

62.  Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

63.  At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

(FAC ¶¶ 51-63.)

The FAC further describes the automatic deduction policy:

92.  At all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour from Plaintiff's timecard on every workday for a meal period, regardless of whether or not Plaintiff was provided with a meal period.

93.  Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour from **Hourly Employee Class** members' timecard on every workday for a meal period, regardless of whether or not **Hourly Employee Class** members were provided with a meal period.

94.  As a result of Defendants' policy or practice of automatically deducting one-half hour from employees' timecards for every workday for a meal period, Plaintiff and **Hourly Employee Class** members were required to perform off-the-clock work that Defendants either knew or should have known they were working.

95.  At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or permitting her to work during unpaid meal periods and/or failing to properly pay Plaintiff for all overtime hours worked.

96.  Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not paying hourly wages to **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

97.  During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

(FAC ¶¶ 92-97.)  These factual allegations are sufficient to place Phillips 66 on notice of Plaintiff's

6

1 first cause of action for failure to provide meal periods.

2      Plaintiff's allegations are more than sufficient to meet the liberal pleading standards under

3 Rule 8.  Plaintiff here is not required to allege anything more than what he has already alleged: that

4 he was entitled to meal breaks, and that meal breaks were not provided. *Ambriz v. Coca Cola Co.,*

5 2013 WL 5947010, at *3 (N.D. Cal. Nov. 5, 2013).  The only proper question at this stage is

6 whether Plaintiff has sufficiently pled facts sufficient to state a plausible claim for which relief can

7 be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Plaintiff has done both.

8 Therefore, Plaintiff's meal period claims should be permitted to proceed on their merits and Phillips

9 66's Motion to Dismiss Plaintiff's first cause of action should be denied.

10     **1. The Case Law Phillips 66 Relies Upon Are Not Applicable Because They Are**
**Materially and Factually Distinguishable**

11

12      The facts of *Brown v. Wal-Mart Stores, Inc.,* 2013 U.S. Dist. LEXIS 55930 at *12-14 (N.D.

13 Cal. April 18, 2013) are clearly distinguishable from the facts in this case.  In *Brown*, the plaintiff

14 there alleged that the employer "pressured, incentivized, and discouraged" employees from taking

15 lunch breaks, but failed to provide any facts surrounding these alleged tactics.  Additionally, the

16 plaintiffs alleged that the employer's scheduling policy made it "difficult" for employees to take

17 breaks because the employer had control over the employees' start and stop times and did not

18 schedule meal periods or provide them an activity code for meal periods.  Yet, the plaintiffs did not

19 allege any facts describing instances of this "difficulty" as to any employee.

20      The *Bellinghausen* case that Phillips 66 relies on is also distinguishable from the present

21 case. *Bellinghausen v. Tractor Supply Co.*, 2013 U.S. Dist. LEXIS 131384 at *9-16 (N.D. Cal. Sept.

22 13, 2013).  The *Bellinghausen* plaintiff did not even allege that defendant had a non-compliant meal

23 period policy, whereas here Plaintiff alleges that there was a non-compliant written meal period

24 policy. (FAC ¶¶ 13-16, 21-30, 58-63, 126.)

25      Plaintiff's facts are also distinguishable from *Weigele* relied upon by Phillips 66. *Weigele v.*

26 *FedEx Ground Package Sys., Inc.*, 2010 WL 4723673 (S.D. Cal. Nov. 15, 2010).  The plaintiff in

27 *Weigele* merely parroted the statutory language. *Id.* at *3.  Here, Plaintiff specifically alleges that

28 Phillips 66 failed to provide Plaintiff with meal and rest periods, and failed to pay him premium

PLAINTIFF'S OPPOSITION TO DEFENDANT PHILLIPS 66 COMPANY'S MOTION TO DISMISS AND TO
STRIKE CERTAIN ALLEGATIONS

1    wages for his missed breaks. (FAC ¶¶ 1, 13, 58, 59, 61, 72-73.)  Plaintiff here also alleges that

2    Phillips 66 had a non-compliant policy and that Plaintiff and class members were not permitted or

3    authorized to take breaks. (FAC ¶¶ 1, 58-63, 92-97, 126.)  Moreover, the facts are different because

4    it was unclear why the *Weigele* plaintiff did not take meal or rest periods, whereas here, Plaintiff

5    alleges that he did not receive meal periods in part because Phillips 66 policy regarding such breaks

6    is flawed. (FAC ¶¶ 1, 58-63, 92-97, 126.)  If this Court finds that Plaintiff has not pled sufficient

7    facts, Plaintiff respectfully requests that the Court grant leave to amend, as was done in *Weigele*.

8    **B.   The FAC Alleges Sufficient Facts To Support Plaintiff's Second Cause of Action for
           Failure To Provide Rest Periods**

9

10          As a matter of policy and practice, Plaintiff and the other Rest Period Sub-Class members

11    were routinely denied rest breaks. (FAC ¶¶ 1, 67, 72-74.)  Plaintiff specifically alleges in the FAC

12    that:

13          67.  At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have
               been non-exempt employees of Defendants entitled to the full rest period protections
14             of both the Labor Code and the applicable Wage Order.

15          72.  Plaintiff alleges that, at all relevant times during the applicable limitations
               period, Defendants maintained a policy or practice of not providing members of the
16             **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour
               work period, or major fraction thereof, as required by the applicable Wage Order.
17
            73.  At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period
18             Sub-Class** members additional premium wages when required rest periods were not
               provided.
19
            74.  Specifically, Defendants written policies do not provide that employees may
20             take a rest period for each four hours worked, or major fraction thereof, and that rest
               periods should be taken in the middle of each work period insofar as practicable.
21    (FAC ¶¶ 67, 72-74.)

22          As discussed above, the *Brown*, *Bellinghausen* and *Weigele* cases relied by Phillips 66 is not

23    applicable and are clearly distinguishable from the facts in the present case.  Plaintiff has alleged

24    more than enough facts to demonstrate that he is "plausibly" entitled to relief with respect to his rest

25    period claim.  Moreover, Plaintiff has sufficiently apprised Phillips 66 of the nature of the claims

26    against it and the grounds upon which they rest.  Phillips 66 Motion to Dismiss must be denied.

27    ///

28    ///

### C. The FAC Alleges Sufficient Facts To Support Plaintiff's Third Cause of Action For Failure to Pay All Hourly Wages Because Plaintiff and Class Members Worked Off-The-Clock and Because Phillips 66 Failed To Pay Employees Premium Wages For Missed Meal and Rest Periods

Plaintiff's third cause of action for failure to pay hourly wages is sufficiently pled because he alleges that Plaintiff and class members worked off-the-clock due to Phillips 66's policy of automatically deducting for meal periods even though Plaintiff and class members were not always able to take their meal periods, were provided with shortened meal periods when they resumed working before taking the minimum allotted thirty minutes, and/or were provided with their meal periods after the fifth hour. (FAC ¶¶ 1, 21-30, 57-63, 91-97.)  Specifically, Plaintiff alleges in his FAC that at all relevant times, Plaintiff and Hourly Employee Class members are or have been non-exempt employees of Phillips 66. (FAC ¶ 78.)  Plaintiff alleges that he and other members of the class were employed for shifts of at least eight and one-half hours. (FAC ¶ 21.)  Plaintiff was not provided with a meal period, was provided with a late meal period after the fifth hour, and/or was provided with a shortened meal period on at least six separate occasions, by way of example, and without limiting Plaintiff's claims. (FAC ¶ 24.)  Phillips 66 had a policy or practice of automatically deducted a half-hour from each employees' time worked in order to account for purported meal periods they were supposed to take during their shift. (FAC ¶ 26.)  Phillips 66 failed to pay Class members premium wages on the occasions when it paid them premium wages on the occasions when Phillips 66 owed them premium wages in lieu of meal or rest periods. (FAC ¶ 63, 73, 96-97.) These facts are more than sufficient to put Phillips 66 on notice of the legal issues.

Plaintiff does not need to plead specific instances of unpaid overtime. *See Scho v. Cort*, 2009 WL 3562472, at *3 (N.D. Cal. Oct. 27, 2009); *Muan v. Vitug*, 2013 WL 2403596, at *2 (N.D. Cal. May 31, 2013) (in motion to dismiss for failure to state overtime claim: "It would be unfair to require [plaintiff] to provide in his complaint a detailed employment record when the law clearly requires the employer, not the employee, to maintain such a log."); *Ambriz v. Coca Cola Company*, 2013 WL 5947010 (N.D. Cal. 2013).

///

///

1. **Phillips 66 Overlooks Allegations That Plaintiff and Class Members Worked Shifts of At Least Eight and One-Half Hours and That Phillips 66 Automatically Deducted One-Half Hour For Purported Meal Periods**

Phillips 66 argues that Plaintiff has not sufficient plead his claim for failure to pay hourly wages and that Plaintiff "devotes the majority of his allegations for this claim to summarizing the purported statutes and wage orders on which the claim is based." (Mot. at 13:8-10.)  Phillips 66 then blindly asserts that Plaintiff alleges with no factual specificity to his allegations. (Mot. at 13:11-14.) Phillips 66 overlooks that *Landers* clearly states that "Detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim." *Landers v. Quality Communc., Inc.* at 644.  In fact, the *Landers* court stated that they "decline to make the approximation of overtime hours the sine qua non of plausibility for claims brought under the FLSA." *Id*. at 645.

Plaintiff's FAC complies with *Landers*.  The FAC alleges that Plaintiff and class members work shifts of at least eight and one-half hours. (FAC ¶ 21.)  The FAC further describes the automatic deduction policy:

92.  At all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour from Plaintiff's timecard on every workday for a meal period, regardless of whether or not Plaintiff was provided with a meal period.

93.  Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour from **Hourly Employee Class** members' timecard on every workday for a meal period, regardless of whether or not **Hourly Employee Class** members were provided with a meal period.

94.  As a result of Defendants' policy or practice of automatically deducting one-half hour from employees' timecards for every workday for a meal period, Plaintiff and **Hourly Employee Class** members were required to perform off-the-clock work that Defendants either knew or should have known they were working.

95.  At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or permitting her to work during unpaid meal periods and/or failing to properly pay Plaintiff for all overtime hours worked.

96.  Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not paying hourly wages to **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

PLAINTIFF'S OPPOSITION TO DEFENDANT PHILLIPS 66 COMPANY'S MOTION TO DISMISS AND TO STRIKE CERTAIN ALLEGATIONS

97.  During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

(FAC ¶¶ 92-97.)  An employee who is scheduled to work eight and one-half hours is entitled to overtime if, and when, their actual work hours exceed eight hours in a single workday. (Labor Code § 510.)  The FAC alleges that Phillips 66 had a policy or practice of automatically deducting one-half hour from Plaintiff's timecard on every workday for a purported meal period, even when Plaintiff was not provided with a meal period. (FAC ¶ 92.)  As a result of this unlawful policy, Plaintiff and class members were not paid for all hours worked. (FAC ¶ 94-95.)  These facts are more than sufficient to put Defendant on notice of the legal issues.

### D.  The FAC Alleges Sufficient Facts To Support Plaintiff's Derivative Claims

For the reasons stated above, because Plaintiff's First, Second and Third causes of action have been sufficiently plead, his Fourth Cause of Action for failure to provide accurate written wage statements, Fifth Cause of Action for failure to timely pay all final wages, and Sixth Cause of Action for unfair competition should not be dismissed and Phillips 66's motion to dismiss should be denied.

### V.   DEFENDANT'S MOTION TO STRIKE

Rule 12(f) must be construed narrowly and does not authorize a district court to strike an allegation unless it is found to be (1) an "insufficient defense"; (2) "redundant"; (3) "immaterial"; (4) "impertinent"; or (5) "scandalous." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010).  Defendant has argued that Plaintiff's class definitions and class allegations, along with allegations as to his rounding claim should be stricken, but has made no assertion that these allegations fall within any of the five categories that may be stricken under Rule 12(f).

### A.  This Court Should Not Strike Portions of Plaintiff's Class Definitions

Phillips 66 also brings its Fed. R. Civ. P. 12(f) motion to strike certain allegations in the FAC.  Phillips 66 apparently takes issue with the scope and breadth of Plaintiff's class definition which seeks to include not only employees employed directly by Phillips 66, but also any person hired by Phillips 66 as a contractor and/or through any staffing agency as a *joint employer*. (FAC ¶

42.)  California law is clear that a joint employer, such as Phillip 66, has an independent duty to ensure that it adequately compensates its employees.  In any event, the issue should be decided on a developed record on a motion for class certification, rather than at the pleading stage.

The FAC alleged that Phillips 66 regularly hired employees through staffing agencies that placed workers at facilities owned and operated by the company and that once placed, they were under the direction and control of Phillips 66. (FAC ¶ 40.)  Phillips 66 then determines the work hours for each worker, the job duties to be performed by each worker, the specific location where each worker performed their duties, and how much each worker was to be paid. *Id.*  Accordingly, Plaintiff's class definition that includes:

> "All persons employed by Defendants directly and/or as a contractor and/or by any staffing agencies as a joint employer in hourly or non-exempt positions in California during the Relevant Time Period."

(FAC ¶ 42.) adequately encompasses the scope of the class he purports to represent.  Further, a motion to strike should only be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Oracle America, Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128 (N.D. Cal. 2011).  However, striking class allegations under Rule 12(f) is particularly disfavored and in most cases, the court should "await the development of a factual record before determining whether the case should move forward on a representative basis." *Meyer v. National Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014).

In the present, Plaintiff has adequately plead that Phillips 66 regularly hired employees through a staffing agency that placed workers at facilities owned and operated by it. (FAC ¶ 40.).  Phillips 66 erroneously states that "Plaintiff does not allege that Defendant controlled when such individuals would take meal or rest breaks, or whether it controlled payment of overtime for these individuals." (Mot. at 16:20-22.)  Yet, the FAC specifically alleges that "Once placed at Defendants' facilities, workers were under the direction and control of Defendants.  Defendants determined the work hours for each worker, the job duties to be performed by each worker, the specific location where each worker performed their duties, and how much each worker was to be paid." (FAC ¶ 40.)  There is no basis to strike Plaintiff's class definitions as urged by Phillips 66.

Nor is it inherently impermissible for Plaintiff to seek to represent all employees hired

PLAINTIFF'S OPPOSITION TO DEFENDANT PHILLIPS 66 COMPANY'S MOTION TO DISMISS AND TO STRIKE CERTAIN ALLEGATIONS

1   through staffing companies. The decision of the California Court of Appeal in *Benton v. Telecom*

2   *Network Specialists, Inc*., 220 Cal.App.4[th] 701 (2013) is instructive. In that case, the Court of

3   Appeal reversed an order denying certification of a class of employees hired through multiple

4   staffing companies explaining as follows: "The [trial] court's reasoning appears to be predicated on

5   the assumption that, even if [Defendant] failed to comply with its meal and rest period

6   requirements, it would not be liable to any class member who was co-employed by a staffing

7   company that had adopted a lawful meal and rest break policy. This assumption, however, is not

8   supported by the language of the wage order, which imposes an affirmative obligation on every

9   employer to authorize and provide legally required meal and rest breaks; if it fails to do so, it has

10   violated the law, and is liable." *Id.* at 729.

11        In other words, a company like Phillips 66 which uses staffing companies nonetheless has a

12   duty to make sure that employees receive meal and rest breaks and are properly compensated for all

13   time worked.  Whether Phillips 66 did this is a common issue.  Plaintiff's counsel believes that

14   discovery will show that Phillips 66 treated its staffing company employees the same as it treated its

15   direct hire employees and applied the same defective policies to everyone that worked for them,

16   whether (1) directly as an employee; (2) as a "contractor;" or (3) through a staffing agency.

17        **B.  This Court Should Not Strike Plaintiff's Rounding Claims**

18        As to Plaintiff's rounding claims, Phillips 66 focused on the first two allegations – that it

19   utilized a rounding practice that is not "fair and neutral" (FAC ⁋ 31.) and that it utilized a practice or

20   policy of rounding hours worked by employees in quarter-hour increments. (FAC ⁋ 32.)  Based on

21   these two allegations alone, Phillips 66 contends that Plaintiff "fails to identify what particular

22   policy he purports to challenge" and that "Plaintiff fails to identify what particular policy he

23   purports to challenge." (Mot. at 17:5-6.)  Yet, the very next paragraph explains exactly why Phillips

24   66's rounding practice is illegal—that because it does not keep records of actual hours worked and

25   without these records, Plaintiff and the putative class are unable to ascertain whether this practice

26   resulted over a period of time in the failure to pay Plaintiff and the putative class for all the time

27   they actually worked. (FAC ⁋ 33.)  Plaintiff adequately plead his claims regarding Phillips 66's

28   unlawful rounding practices.

1    As Phillips 66's argument to strike these allegations do not fall within the five narrow

2    grounds upon which a Rule 12(f) motion may be granted, its motion to strike Plaintiff's rounding

3    allegations should be denied.

4    **C.  Plaintiff's Class Allegations Should Not Be Stricken As Phillips 66's Motion to
         Strike is Premature**

5

6    Phillips 66 also requests that the class allegations in the FAC be stricken.  In essence,

7    Phillips 66 is asking this Court to dismiss Plaintiff's class allegations and claims even though

8    identical language found in other class action have been found to be adequate.

9    Much like the previously discussed requests to strike, Phillips 66 again fails to identify any

10   of the five narrow grounds upon which a Rule 12(f) motion may be based in support of its requests.

11   Phillips 66 argues that "Plaintiff's class allegations merely parrot some of the conclusions that

12   would need to be reached to permit class certification, but with no factual allegations to support

13   them." (Mot. at 18:4-5.)  As previously stated, failure to allege a claim is not a proper ground upon

14   which a Rule 12(f) motion may be upheld. *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970,

15   974 (9th Cir. 2010); *Houston Cas. Co. v. Crum & Forster Ins. Co.,* No. 1:16-cv-535-LJO-EPG,

16   2016 WL 4494444, at *4 (E.D. Cal. Aug. 25, 2016); See also *Yamamoto v. Omiya,* 564 F.2d 1319,

17   1327 (9th Cir. 1977).

18   In the Northern District of California, district judges routinely reject efforts to challenge

19   class allegations on a motion to strike. *E.g., In re Walmart Stores, Inc. Wage and Hour Litigation*,

20   505 F.Supp.2d 609, 615 (N.D. Cal. 2007): "the dismissal of class allegations at the pleading stage

21   should be done rarely and the better course is to deny such a motion because the shape and form of

22   a class action evolves only through the process of discovery." This remains true after the U.S.

23   Supreme Court's decisions in *Twombly* and *Iqbal*. *E.g., Morris v. Solar City Corp.*, 2016 WL

24   1359378 *3 (N.D. Cal. 2016) (declining to resolve challenge to class allegations at pleading stage.)

25   Nor should this Court determine at the pleading stage that the classes are impermissibly

26   overbroad. For example, in *Wal-Mart* where the district court denied the motion to dismiss class

27   allegations, the proposed classes included: "The Compensation Sub-Class" [which] includes

28   employees who are properly classified hourly-pay employees of Defendant . . . who have not

14

received all compensation due them for hours worked, including overtime worked." *Wal-Mart supra* at 611.

Accordingly, this Court should deny Phillips 66's motion to strike Plaintiff's class allegations.

**VI.     CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that Phillip 66's motion be denied.  Should the Court find the operative complaint insufficient such that it should be dismissed, Plaintiff respectfully requests leave to amend the complaint to address any deficiencies raised by the Court.

DATED:  February 28, 2018                    SETAREH LAW GROUP

                                                             /s/ Shaun Setareh
                                                             _____
                                                             SHAUN SETAREH
                                                             Attorneys for Plaintiff
                                                             DEAN A. ROBBINS

PLAINTIFF'S OPPOSITION TO DEFENDANT PHILLIPS 66 COMPANY'S MOTION TO DISMISS AND TO STRIKE CERTAIN ALLEGATIONS