UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. ROBBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>PHILLIPS 66 COMPANY,<br><br>    Defendant. | Case No. 18-cv-00292-RS<br><br>**ORDER DENYING MOTION TO DISMISS** |

## **I. INTRODUCTION**

Plaintiff Dean Robbins brings suit against Defendant Phillips 66 advancing various claims under California labor law on behalf of a putative class of similarly situated non-exempt, hourly employees. Phillips moves to dismiss all of Robbins' claims as well as to strike certain allegations related to the putative class and to Phillips' utilization of a rounding practice that may result in employees being inadequately compensated.

Pursuant to Civil Local Rule 7-1(b), this motion is suitable for disposition without oral argument and the hearing set for April 19, 2018 is vacated. Phillips' arguments regarding dismissal would require a level of proof at the pleading stage that simply is not required, even under the *Iqbal/Twombly* regime. Phillips' objections to the class definition and class allegations are more properly addressed at the class certification stage. Finally, Phillips has failed to show that striking Robbins' rounding allegations is warranted by any of the narrow grounds provided by Rule 12(f). Phillips' motion to dismiss and to strike is denied.

## II. BACKGROUND[1]

Defendant Phillips 66 is a Delaware corporation that does business in California. Plaintiff Dean Robbins is a California resident who was employed by Phillips as a non-exempt, hourly employee from September 1984 until November 2016. While Robbins held various positions during his long tenure at Phillips, he was always a non-exempt employee.

The thrust of Robbins' allegations is that the compensation he received while an employee of Phillips did not properly reflect the hours he was required to work. Most notably, he alleges he and other non-exempt employees were not given legally required meal or rest periods. Despite having a policy of automatically deducting one-half hour for a meal period from the paycheck of non-exempt employees for each day they worked, Phillips did not actually provide employees with uninterrupted, duty-free breaks. The company did not schedule meal or rest periods during work shifts or have a formal policy of encouraging employees to take their breaks. Moreover, Phillips chronically understaffed each shift and thereby saddled employees with so much work that they could not reasonably be expected to take breaks and still finish their work on time. Robbins avers this was often the case for him and, by way of example, provides specific dates for six time periods from December 2014 through October 2016 when he missed part or all of his breaks in order to complete his work.

The result of Phillips' break policies was that hourly, non-exempt employees regularly worked shifts of at least 8.5 hours for which they were not fully compensated. Whereas they should have been receiving overtime pay for any time worked beyond eight hours (or premium pay for working through their breaks), they instead had 30 minutes of pay automatically deducted for breaks they were frequently unable to take. Given that this under compensation was a product of Phillips' formal policies—e.g., the auto-deduction policy and written break policies (or lack thereof)—the FAC alleges Phillips knew or should have known its employees were performing

---

[1] Robbins responded to an earlier motion to dismiss by amending his complaint rather than opposing the motion. The factual background is therefore based on the averments in the First Amended Complaint ("FAC"), which must be taken as true for purposes of this motion.

ORDER DENYING MOTION TO DISMISS
CASE NO. 18-cv-00292-RS

work off the clock.

Based on the foregoing allegations, the FAC advances seven claims for relief and seeks to certify an "Hourly Employee Class" and various subclasses. The Hourly Employee Class is defined as: "All persons employed by Defendants directly and/or as a contractor and/or by any staffing agencies as a joint employer in hourly or non-exempt positions in California during [the four years prior to the filing of this action until judgment is entered.]" FAC ¶ 42.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Under Rule 12(f), a court may strike from the pleading any redundant, immaterial, impertinent, or scandalous matter. A motion to strike eliminates from consideration that which "can have no possible bearing on the subject matter of the litigation." *Naton v. Bank of California*,

1  72 F.R.D. 550, 552 n. 4 (N.D. Cal. 1976). Similar to a motion to dismiss, the court, in considering

2  a motion to strike, views the challenged pleadings in the light most favorable to the plaintiffs. *See*

3  *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992). Motions to strike are

4  generally viewed with disfavor.

## IV. DISCUSSION

### A. Motion to Dismiss

i.  <u>Failure to Provide Meal and Rest Breaks (Claims 1 and 2)</u>

California Labor Code sections 226.7 and 512 require that any employee working for more than five hours in a day be permitted to take a meal break of at least thirty minutes. "The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." *Brinker Rest. Corp. v. Sup. Ct.*, 53 Cal. 4th 1004, 1040 (2012). California law also mandates that employees are "entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Id.* at 1029. Under section 226.7(c), employees who are denied breaks are entitled to premium pay.

Robbins alleges he was regularly unable to take full, uninterrupted meal or rest breaks while employed by Phillips. According to the FAC, he did not have breaks built into his schedule, his shifts were chronically understaffed, and he was given so much work that it was virtually impossible for him to take full meal or rest breaks while still completing his work on time. When he could take breaks, he often did so at his desk and still answered phone calls when they came in. Nonetheless, Phillips automatically deducted 30 minutes of pay from Robbins' paycheck (and the paychecks of similarly situated employees) regardless of whether he was able to take a meal break. He avers he was never given any premium pay for the breaks he worked through. These allegations are sufficient to create a plausible inference that Phillips failed to satisfy its meal and rest period obligations under the California Labor Code. Accordingly, the motion to dismiss Claims 1 and 2 is denied.

### ii. Failure to Pay Hourly and Overtime Wages (Claim 3)

Under California law, an employer must pay employees the minimum wage for all hours worked. *See* Cal. Lab. Code § 1197; Cal. Code Regs. tit. 8, § 11090. In addition, employers must pay overtime (one and one-half times the regular rate of pay) for any work in excess of eight hours in one workday and forty hours in any workweek. *See* Cal. Lab. Code § 510. "[I]n order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014). Detailed factual allegations, however, are not required to state a plausible claim and must be "evaluated in the light of judicial experience." *Id.* at 645.

Here, as discussed above, Robbins alleges Phillips automatically deducted 30 minutes from his pay each day for a meal period regardless of whether or not he was actually provided with one. As a result, he regularly worked more than eight hours during his scheduled 8.5 hour shifts and yet was not compensated for all of the hours he worked or paid overtime. Furthermore, the FAC identifies at least four specific time periods in which Robbins worked more than eight hours a day for at least five days in a row. *See* FAC ¶ 24. These allegations satisfy the pleading requirements in *Landers* and support a plausible inference that Robbins was not adequately compensated for the hours he worked. The motion to dismiss Claim 3 is denied.

### iii. Derivative Claims Related to Wage Statements, Waiting Time, and Unfair Competition (Claims 4, 5, and 6)

The parties do not dispute that Robbins' wage statement, waiting time, and unfair competition claims are derivative of and therefore entirely dependent on the viability of his meal/rest period and hourly/overtime wage claims. Phillips argues that because the underlying claims are insufficiently pled the derivative claims must fail as well. In light of the above analysis, however, this argument is fatally flawed. The FAC's allegations do support a plausible inference that Robbins was denied meal and rest periods and not paid wages he was owed. Accordingly, his derivative claims are viable as well. The motion to dismiss Claims 4, 5, and 6 is denied.

**B. Motion to Strike**

    i.    Class Definition and Class Allegations

Phillips moves to strike the FAC's class definition and class allegations. With regard to the definition, Phillips asserts the FAC does not sufficiently allege facts supporting the liability of Phillips 66 for any wage and hour violations suffered by employees working for "contractors" or "staffing agencies." With regard to the class allegations, Phillips argues the FAC's allegations do not satisfy the *Iqbal/Twombly* pleading standard as it relates to the requirements of Rule 23.

It is rare for a court to strike class allegations "in advance of a motion for class certification," *Cholakyan v. Mercedes–Benz USA, LLC*, 796 F.Supp.2d 1220, 1245 (C.D. Cal. 2011) (collecting cases), and Phillips has not shown that doing so is warranted here. Phillips' contentions, if accepted, might alter the scope of the class definitions and/or the particular claims that could go forward on a class basis, but it has not presented any argument that would completely preclude class certification. In essence, Phillips appears to be seeking to force an analysis of "commonality", "typicality" and the other Rule 23 requirements at the pleading stage. Such analysis is premature and is better addressed in the context of a certification motion. Accordingly, Phillips' motion to strike the class definition and class allegations is denied.

    ii.    Rounding Allegations

Phillips' argument for striking the rounding allegations in the FAC is similarly unavailing. While the FAC's allegations regarding Phillips' rounding practices could be more detailed, they do not need to be. Under California law, a rounding policy is permissible only so long as it is "neutral, both facially and as applied." *See See's Candy Shops, Inc. v. Superior Court*, 2010 Cal. App. 4th 889, 902 (2012). The FAC avers that because Phillips does not keep accurate records of actual hours worked, Robbins and the putative class members cannot determine whether Phillips' rounding practices are neutral or whether, over time, they result in a failure to pay non-exempt employees for time actually worked. This is sufficient to put Phillips on notice of how its rounding practices may be at issue in the litigation. Moreover, Phillips has not adequately explained how these allegations are so "redundant, immaterial, impertinent, or scandalous" as to warrant being

stricken under Rule 12(f).

## V. CONCLUSION

Phillips' motion to dismiss and to strike is denied.  Phillips shall file an answer to the First Amended Complaint within 21 days of the issuance of this order.

**IT IS SO ORDERED**.

Dated: April 12, 2018

_____
RICHARD SEEBORG
United States District Judge