UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. ROBBINS,<br>　　　　　Plaintiff,<br>　　v.<br>PHILLIPS 66 COMPANY,<br>　　　　　Defendant. | Case No. 18-cv-00292-RS (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 43 |

The Court held a telephonic hearing on December 14, 2018 concerning the parties' December 6, 2018 Joint Discovery Letter, ECF No. 43, which describes certain discovery disputes concerning Plaintiff Dean A. Robbins' interrogatories ("rogs"), Requests for production ("RFPs"), and Requests for Admission ("RFAs") to Defendant Phillips 66 Company ("Phillips"). The Court now issues the following order.

**A.　Contractor Issue**

Plaintiff defines "potential class members" to include Phillips' employees as well as contractors hired by staffing agencies that Phillips worked with. Information and documents concerning the contractors are plainly relevant in light of Plaintiff's allegation that in practice Phillips was the joint employer of the contractors. Am. Compl. ¶ 40. Phillips denies the allegation and, more to the point, contends it does not have information or documents about the contractors.

At this stage of the case the allegation of joint employment has neither been proven nor disproven, and the letter brief does not provide any basis for the Court to make a factual determination on that point. Further, the Court does not have a basis to determine what information or documents Phillips has concerning the contractors. Accordingly, when the Court

orders Phillips to respond to a rog or RFA, the order means Phillips must respond with the information known or reasonably available to it. Similarly, when the Court orders Phillips to produce documents, the order means Phillips must produce documents in its possession, custody or control. Phillips is legally obligated to diligently investigate and determine what, if any, responsive information or documents that includes concerning the contractors hired by the staffing agencies. Phillips is not permitted to hide behind formal distinctions if it actually has, or can reasonably obtain, responsive information or documents. But at the same time, the Court is not ordering Phillips to do the impossible, namely, provide information unknowable to it or documents that are not in its possession, custody or control.

**B.     Facility Issue**

For several of the discovery requests, Phillips contends it would be extremely burdensome to produce the requested information or documents for every facility in California. At the December 14 hearing, Phillips requested an opportunity to put declarations before the Court explaining that burden in detail. The Court would like to make an informed decision concerning burden and proportionality, so agreed to this request. For discovery requests that have the "facility issue," for the time being, Phillips' amended responses and document productions need only concern the facility at which Plaintiff was employed. On January 7, 2019 Phillips must file detailed declarations describing the burden of producing the information or documents as to all California facilities. Plaintiff may respond on January 8, 2019. The Court will have a telephonic hearing at 9:00 a.m. on January 9, 2019 to address the facility issue, i.e., to determine if class discovery should encompass all of Phillips' California facilities.

**C.     Policy issue**

Several of the RFPs ask for all documents about something, including policies. At the December 14 hearing, Plaintiff clarified he is really seeking the policy documents, not literally every document (such as every email) that refers in any way to the topic at issue. For discovery requests that fall into this category, the Court notes they have the "policy issue," and Phillips is obligated to produce only policy documents on the subject at issue.

### D. Discrete Subparts Issue

Judge Seeborg ordered that each side may propound 25 interrogatories "including all discrete subparts." ECF No. 34. Several of Plaintiff's rogs effectively have numerous discrete subparts. For example, rog 7 singlehandedly exceeds 25 interrogatories when its discrete subparts are counted. The Court would be justified in ordering Phillips to respond to the first 19 discrete subparts reflected in rog 7 and denying any further responses to the later rogs. Instead, in the interests of justice, the Court will decline to order Phillips to respond to the specific rogs that put Plaintiff over the 25 rog limit. This is the "discrete subparts issue."

### E. General Practice Issue

Sometimes a rog asks for how Phillips did things with respect to potential class members. During the hearing, Plaintiff clarified that he is seeking a description of Phillips' general practices applicable to the potential class, not a specific assertion as to how it was done on a name-by-name basis for each potential class member. Where this was the case, the Court refers to this as the "general practice issue."

### F. Deadlines to Respond

For rog 1, Phillips shall serve an amended response within 30 days. For the other rogs where the Court orders a response, Phillips shall serve amended responses within 45 days. The RFAs have the facility issue. Further, the Court does not set a deadline for Phillips to respond to the RFAs even as to Plaintiff's facility; instead, the parties will discuss that at the January 9 hearing. For RFPs where the Court orders Phillips to produce documents, the parties will discuss the deadline to complete the document productions at the January 9 hearing.

### G. Denied Without Prejudice

The letter brief really only addressed one thing, namely whether Plaintiff should be limited to discovery about him or whether he should get classwide discovery. Generally, the Court agreed with Plaintiff that classwide discovery is appropriate, subject to further consideration of the facility issue noted above. However, many of the requests raise other legal issues that were not briefed, or the requests were vague or unclear, or the relevance of the requested material was hard to discern. The Court denies those requests without prejudice. Plaintiff is free to meet and confer

with Phillips, to narrow or clarify those requests if appropriate, or raise them again in another letter brief.

## H. Protective Order

The Court is ordering the production of information about potential class members. The parties need to enter into a protective order promptly to keep this information confidential. *See Salazar v. McDonald's Corp.*, 2016 WL 736213, at *5 (N.D. Cal. Feb. 25, 2016) ("'[N]umerous courts in the Northern District of California have allowed pre-certification discovery of putative class members' confidential information *subject to a protective order*, without requiring prior notice to the putative class members.'") (citation omitted, emphasis added). The Court **ORDERS** the parties to promptly meet and confer and propose an appropriate protective order. The parties should review this District's model protective order, and the Court encourages them to adopt it.

## I. Rogs

Rog 1: The Court **ORDERS** Phillips to answer this rog. *See Salazar*, 2016 WL 736213, at *5. For contractors that were employed by the staffing agencies, the Court also **ORDERS** Phillips within 30 days to ask all the staffing agencies (except Brinderson, per Plaintiff's agreement) to provide information responsive to this rog so Phillips can provide it to Plaintiff. For any staffing agency that does not agree or fails to respond within 10 days of the request, Phillips must promptly provide the agency's contact information to Plaintiff so he can subpoena them.

Plaintiff's counsel has stated he intends to use the class list to contact members of the potential class. As explained in *Salazar*:

> [C]ourts in this district have required that in contacting class members, Plaintiffs' counsel is limited by the following requirements: (1) counsel must inform each potential class member that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiffs' counsel will terminate the contact and not contact that individual again; (2) during the initial communication, Plaintiffs' counsel must inform potential class members that the [Court] compelled [Defendant] to disclose their contact information and that the communication is highly confidential; and (3) any communications to potential class members must be fair and accurate, and must not be misleading, intimidating, or coercive.

*Id*. The Court **ORDERS** Plaintiff's counsel to comply with those restrictions in this case.

Rog 2: The Court **ORDERS** Phillips to answer this rog.

4

Rog 4: **Denied without prejudice**.

Rog 6: **Denied without prejudice**.

Rog 7: **Denied**. Discrete subparts issue.

Rog 8: The Court **ORDERS** Phillips to answer this rog.

Rog 9: The Court **ORDERS** Phillips to answer this rog, except that the words "documents or" are stricken from the rog.

Rog 10: Plaintiff clarified that this rog seeks a description of how or whether employees' time is tracked and then eventually turned into payroll. With this clarification, the Court **ORDERS** Phillips to answer this rog.

Rog 11: The Court **ORDERS** Phillips to answer this rog. General practice issue.

Rog 12: The Court **ORDERS** Phillips to answer this rog. General practice issue.

Rog 13: The Court **ORDERS** Phillips to answer this rog. General practice issue.

Rog 14: The Court **ORDERS** Phillips to answer this rog. Facility issue. Per Plaintiff's stipulation, the Court also strikes the words "…and under what circumstances they were paid."

Rog 15: The Court **ORDERS** Phillips to answer this rog. General practice issue.

Rog 16: The Court **ORDERS** Phillips to answer this rog. Facility issue.

Rog 17: **Denied without prejudice**.

Rog 18: The Court **ORDERS** Phillips to answer this rog. General practice issue.

Rog 19: **Denied**. Discrete subparts issue.

Rog 20: **Denied**. Discrete subparts issue.

**J.    RFPs**

RFP 1: **Denied without prejudice**.

RFP 3: The Court **ORDERS** Phillips to produce non-privileged documents that Phillips reviewed and relied on to support paragraphs 10, 11(b) and 11(c) of the Notice of Removal.

RFP 7: The Court **ORDERS** Phillips to produce responsive documents. Facility issue.

RFP 8: The Court **ORDERS** Phillips to produce responsive documents. Facility issue.

RFP 10: The Court **ORDERS** Phillips to produce responsive documents.

RFP 11: The Court **ORDERS** Phillips to produce responsive documents.

5

RFP 12: **Denied without prejudice**.

RFP 13: The Court **ORDERS** Phillips to produce responsive documents.

RFP 14: The Court **ORDERS** Phillips to produce responsive documents. Facility issue.

RFP 15: **Denied without prejudice**.

RFP 16: Plaintiff clarified he is seeking sample documents signed by the Plaintiffs, for example, a form Phillips typically used. Phillips agreed to investigate. Phillips should discuss what responsive documents it has in its January 7 declarations, and the Court will discuss this RFP with the parties at the January 9 hearing.

RFP 17: The Court **ORDERS** Phillips to produce responsive documents. Policy issue.

RFP 18: The Court **ORDERS** Phillips to produce responsive documents. Policy issue.

RFP 19: The Court **ORDERS** Phillips to produce responsive documents. Policy issue.

RFP 20: The Court **ORDERS** Phillips to produce responsive documents. Policy issue and facility issue.

RFP 21: The Court **ORDERS** Phillips to produce responsive documents. Policy issue and facility issue.

RFP 22: The Court **ORDERS** Phillips to produce responsive documents. Policy issue and facility issue.

RFP 23: The Court **ORDERS** Phillips to produce responsive documents. Policy issue and facility issue.

RFP 24: **Denied without prejudice**.

RFP 25: **Denied without prejudice**.

RFP 26: The Court **ORDERS** Phillips to produce responsive documents. Policy issue and facility issue.

RFP 27: **Denied without prejudice**.

RFP 28: **Denied without prejudice**.

RFP 29: **Denied without prejudice**.

RFP 30: **Denied without prejudice**.

RFP 31: **Denied without prejudice**.

RFP 32: **Denied without prejudice**.

**K.    RFAs**

RFAs 1-11:  The Court **ORDERS** Phillips to answer these RFAs.  Facility issue.

**IT IS SO ORDERED.**

Dated: December 17, 2018

THOMAS S. HIXSON
United States Magistrate Judge