UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. ROBBINS,<br>    Plaintiff,<br>    v.<br>PHILLIPS 66 COMPANY,<br>    Defendant.<br>TIMOTHY GREEN, et al.,<br>    Plaintiffs,<br>    v.<br>PHILLIPS 66 COMPANY,<br>    Defendant. | Case No. 18-cv-00292-RS<br><br>Case No. 19-cv-01558-RS<br><br>**ORDER CONSOLIDATING CASES, APPOINTING INTERIM CLASS COUNSEL, AND DENYING MOTION TO STAY AS MOOT** |

## I. INTRODUCTION

Plaintiff Timothy Green moves to consolidate the following two cases: (1) *Robbins v. Phillips 66 Company*, 18-cv-00292-RS ("the *Robbins* matter"); (2) *Green v. Phillips 66 Company*, 18-cv-01558-RS ("the *Green* matter"). In opposition, Plaintiff Dean Robbins moves to stay the *Green* matter pursuant to the first-to-file rule or, in the alternative, name his counsel as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). Although noticed for hearing on separate dates, the matters are appropriately considered together. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons explained below, the cases are consolidated, the Setareh Law Group is appointed interim class counsel, and

Robbins's motion to stay is denied as moot.

## II. BACKGROUND

On November 17, 2017, Robbins filed the *Robbins* matter in San Francisco Superior Court as a putative class of non-exempt hourly employees who worked for Phillips 66 Company ("Phillips 66") and alleged numerous labor code violations, including failure to provide meal periods, to provide rest periods, to pay hourly wages, to provide accurate written wage statements, to timely pay all final wages, and for unfair competition. The putative class also sought civil penalties under California's Private Attorneys General Act ("PAGA"), Cal. Labor Code §§ 2698, *et seq*. The matter was subsequently removed to the Northern District of California in January 2018 pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In April 2018, Phillips 66's motion to dismiss and strike the first amended complaint was denied. The parties have engaged in active document discovery and are currently scheduled to participate in a mediation session on October 3, 2019.

The *Green* action was filed in Los Angeles Superior Court on July 23, 2018 as an almost identical putative class of non-exempt hourly employees who worked for Phillips 66, alleging the same claims for relief with the exception of a claim for minimum wages, for failure to pay overtime, and without a PAGA claim. After Phillips 66 was served in September 2018, the case was removed to the Central District of California in October 2018. In February 2019, the parties conducted their Rule 26(f) conference, after which Green propounded formal written discovery on Phillips 66 consisting of a request for document production and interrogatories. The next month, the parties stipulated to transfer the case to the Northern District of California, after which the *Green* action was deemed related to the *Robbins* action, in April 2019.

A case management conference was held in the *Green* matter on June 27, 2019. The parties represented in their joint statement that they had agreed to stay formal discovery until the October 3rd mediation. Green had been invited to participate in the mediation with Robbins and Phillips 66, and Robbins had also agreed to exchange all discovery produced in the *Robbins* matter to the parties in *Green* subject to a stipulated protective order. Green's counsel represented that

they were attempting to coordinate the matter with Robbins's counsel, but that no formal agreement had been reached and that an order consolidating the matters would be necessary. After the case management conference, Robbins filed a motion to stay the *Green* matter under the first-to-file rule or, in the alternative, name his counsel as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3), noticed for a hearing on August 22, 2019.

### III. LEGAL STANDARD

#### A. Consolidation

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact." "The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications." *Team Enters., LLC v. W. Inv. Real Estate Tr.*, Nos. 1:08-cv-00872-LJO-SMS, 1:08-cv-01050-LJO-SMS, 2008 WL 4712759, at *1 (E.D. Cal. Oct. 23, 2008). District courts have broad discretion under this rule to consolidate cases pending in the same district. *Inv'rs Research Co. v. U.S. Dist. Court*, 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate actions under Rule 42(a), the court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, or expense that it would cause. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984), *overruled on other grounds by Hall v. Hall*, 138 S. Ct. 1118 (2018).

#### B. Appointment of Interim Class Counsel

A district court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed R. Civ. P. 23(g)(3). Appointment of interim class counsel during the pre-certification period may be appropriate, as "it will usually be important for an attorney to take action to prepare for the certification decision." Advisory Committee Note to Rule 23(g)(2)(A) (2003 amendments). This is particularly true in a situation where there are a "number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, [and] a number of lawyers may compete for class counsel appointment." *Chacanaca v. Quaker Oats Co.*, No. C 10-0502-RS, 2011 WL

13141425, at *2 (N.D. Cal. June 14, 2011) (internal quotation marks omitted). "In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities . . . ." *Id.* (internal quotation marks omitted).

When selecting counsel for appointment, a court considers various factors: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

## IV. DISCUSSION

### A. Stay Pursuant to First-to-File Rule

The "first-to-file" rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The rule "favors the forum of the first-filed action, whether or not it is a declaratory action," see *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *overruled on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995), in the service of "promot[ing] judicial efficiency and prevent[ing] the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Interactive Fitness Holdings, LLC v. Icon Health & Fitness, Inc.*, No. 10-cv-04628-LHK, 2011 WL 1302633, at *2 (N.D. Cal. Apr. 5, 2011). The rule "should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quotations omitted). That said, it is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. In applying the rule, courts focus primarily on the chronology of the filings, the identity of the parties, and whether the issues presented in the successive actions substantially overlap. *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008).

Courts have found that the first-to-file rule is not limited to cases brought in different

1 districts. *See Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013). Others have not been persuaded. *See Bell v. Toyota Motor Sales, USA, Inc.*, No. LACV 17-07079-VAP (KSx), 2017 WL 10562859, at *3 & n.2 (C.D. Cal. Dec. 4, 2017) (distinguishing *Wallerstein* on the basis that it dealt with two cases that were in different districts at the time the court decided the first-to-file rule applied and concluding the first-to-file rule does not apply where both cases are in the same venue). The latter is more convincing, as there is no concern a court will issue inconsistent rulings in two cases that are already before it. As discussed below, however, the parties' concerns regarding judicial economy will be adequately served by consolidating these actions, thereby mooting Robbins's motion to stay under the first-to-file rule.

**B. Consolidation**

The core factual allegation in both cases is the same: plaintiffs contend Phillips 66 violated California labor law regarding payment of wages, providing meal and rest periods, providing accurate wage statements, and engaging in unfair competition. Both cases are putative class actions seeking certification of purportedly similar classes. Moreover, because both cases target the same defendant, Phillips 66's discovery obligation in each matter is sure at least to overlap. Consolidation would ensure coordinated discovery, and would appear to save both time and costs for all concerned by avoiding duplicative class certification proceedings, discovery matters, and dispositive motions. Finally, consolidation would permit a potential global resolution at the October 3rd mediation, should it prove fruitful.

Robbins asserts in his Reply that consolidation is not one of the recognized exceptions to the first-to-file rule and that holding otherwise would be tantamount to barring application of the rule whenever actions are in front of the same district court. Such fears are overblown. As discussed above, Robbins's argument that the first-to-file rule applies to matters before the same district court is beside the point. Even if applied, it is not "a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. The rule does nothing to deprive a district court of its broad discretion to consolidate matters that are before it. *Inv'rs Research Co.*, 877 F.2d at 777.

ORDER CONSOLIDATING CASES, APPOINTING INTERIM CLASS COUNSEL, AND DENYING MOTION TO STAY AS MOOT
CASE NO. 18-cv-00292-RS
5

Furthermore, given the cooperation already in place between the matters regarding discovery and mediation, a stay of the *Green* matter makes little sense. Since all factors favor consolidation, Green's motion is granted. Accordingly, a single, consolidated complaint shall be lodged within ten days of the date of this Order.

### C. Appointment of Interim Class Counsel

Rule 23 details three factors that inform a court's designation of interim class counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). There is no question here that both the Setareh Law Group and James Hawkins APLC have ample experience handling class actions and complex litigation. It is also clear that both have particular familiarity with wage and hour lawsuits.

The only factor that separates the two is that the Setareh Law Group has been involved in this litigation from the outset. The Setareh Law Group filed the *Robbins* matter first, participated in briefing on Phillips 66's motion to dismiss and strike, and has already engaged Phillips 66 in discovery, including securing class contact information and class data, placing the firm in a strong bargaining position for the October 3rd mediation. Accordingly, it makes sense for the Setareh Law Group to continue as counsel and they therefore will be appointed as interim class counsel.[1]

### V. CONCLUSION

For the reasons discussed above, the *Robbins* and *Green* matters are consolidated, the Setareh Law Group is appointed as interim class counsel, and Robbins's motion to stay is denied as moot. A Case Management Conference is set for September 5, 2019 at 10:00 AM in Courtroom 3, 17th Floor, San Francisco.

---

[1] Green contends it is premature to determine the interim class counsel prior to the consolidation of the matters. As discussed above, the matters are consolidated, and so the question is appropriate for review.

ORDER CONSOLIDATING CASES, APPOINTING INTERIM CLASS COUNSEL, AND DENYING MOTION TO STAY AS MOOT
CASE NO. 18-cv-00292-RS

**IT IS SO ORDERED**.

Dated: August 8, 2019

_____
RICHARD SEEBORG
United States District Judge