**SETAREH LAW GROUP**
Shaun Setareh, Esq. (SBN 204514)
Thomas Segal, Esq. (SBN 222791)
Farrah Grant Esq. (SBN 293898)
420 N. Camden Drive, Suite 100
Beverly Hills, California 90210
Telephone: (310) 888-7771
Facsimile: (310) 888-0109
shaun@setarehlaw.com
thomas@setarehlaw.com
farrah@setarehlaw.com
*Attorneys for Plaintiffs and the Certified Class*

**JAMES HAWKINS APLC**
James Ross Hawkins, Esq. (SBN 192925)
Gregory Mauro, Esq. (SBN 222239)
9880 Research Drive, Suite 200
Irvine, CA 92618
Telephone: (949) 387-7200
Fax: (949) 387-6676
james@jameshawkinsaplc.com
greg@jameshawkinsaplc.com
*Attorneys for Plaintiffs and the Certified Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEAN A. ROBBINS and TIMOTHY GREEN, on behalf of themselves, all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PHILLIPS 66 COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive, <br><br> Defendant. | Case No. 3:18-cv-00292-RS <br><br> **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT** <br><br> Date: July 17, 2025 <br> Time: 1:30 p.m. <br> Courtroom: 3 <br><br> Action Removed: January 12, 2018 <br> Action Filed: November 27, 2017 |

Plaintiffs' Motion for Preliminary Approval of Class Action and PAGA Settlement came before this Court for hearing on July 17, 2025.  The Court, having fully reviewed Plaintiffs' Motion for Preliminary Approval of Class Action and PAGA Settlement, the supporting Memorandum of Points and Authorities and Declarations filed in support thereof, including the Joint Stipulation of Class Action and PAGA Settlement and Release ("Settlement Agreement") and Notice of Settlement ("Notice"), and for good cause appearing, HEREBY MAKES THE FOLLOWING ORDERS:

1.	The Court grants preliminary approval of the settlement based upon the terms set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Declaration of Shaun Setareh, and is incorporated in full by this reference and made a part of this Order.  The Settlement appears to be fair, adequate, and reasonable to the Class.

2.	All capitalized terms defined in the Settlement Agreement shall have the same meaning when used in this Order.

3.	The Settlement falls within the range of reasonableness of a settlement which could ultimately be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing.  The Court notes that Philips 66 Company ("Phillips 66" or "Defendant") has agreed to create a common fund of $12,500,000.00 to cover (a) the Individual Class Payments; (b) the $300,000.00 payment to the State of California, Labor & Workforce Development Agency for its share of the settlement of the Released Private Attorneys General Act ("PAGA") Claims; (c) the $100,000.00 payment to the PAGA Group Members; (d) Service Enhancement Payments of up to $10,000.00 each for Class Representatives Dean A. Robbins, Timothy Green, Keith Washington, and Ian Clare, totaling $40,000; (e) Class Counsel's attorneys' fees, not to exceed 33-1/3% of the Gross Settlement Amount, and actual litigation expenses incurred by Class Counsel up to $250,000.00; (f) Settlement Administration Costs estimated to be $14,500; and (g) all taxes associated with the Settlement Payments; and (h) a Reserve Fund of $10,000 for disputed, untimely and self-identified claims.

4.  The Court finds and concludes that the Settlement is the result of arms-length negotiations between the parties and two mediations conducted after Class Counsel had adequately investigated Plaintiffs' claims, certified two classes, and become familiar with their strengths and weaknesses. The assistance of experienced mediators in the settlement process and acceptance of a mediator's proposal further confirms that the Settlement is non-collusive. The Court further finds that the settlement of Plaintiffs' representative claims under the PAGA is fair and reasonable and is approved.

5.  In accordance with the Settlement Agreement, the Court hereby certifies the following class for purposes of settlement: all current and former non-exempt or hourly paid employees who worked for Phillips 66 in California at any time during the Class Period. Settlement Agreement ¶ III 2. The Court hereby finds and concludes that the Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3).

6.  With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the following findings for settlement purposes:

   a.  The Class, which currently has approximately 1,550 members, satisfies the standard for numerosity in Fed. R. Civ. P. 23(a)(1).

   b.  There are many questions of fact and law that are common to the Class regarding the policies and practices that applied to Class Members' employment with Defendant, thereby satisfying the standard for commonality in Fed. R. Civ. P. 23(a)(2).

   c.  Plaintiffs Dean A. Robbins, Timothy Green, Keith Washington, and Ian Clare's claims meet the typicality requirement because they were non-exempt employees of Defendant and their claims arise from the same alleged events and course of conduct as those alleged on behalf of the Class, thereby satisfying Fed. R. Civ. P. 23(a)(3).

   d.  The Court finds that Setareh Law Group and James Hawkins APLC will fairly and adequately represent the Class and appoints these firms as Class Counsel.

  e. The Court finds that Plaintiffs Dean A. Robbins, Timothy Green, Keith Washington, and Ian Clare will fairly and adequately represent the Class, and appointments them as Class Representatives.

  f. The Court finds that common questions of law and fact predominate over individualized issues, because the claims arise from uniform policies and practices, and further finds that the superiority requirement is satisfied because it is likely that recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis.

  7. The Court approves Xpand Legal ("Settlement Administrator") to perform the duties of the Settlement Administrator as set forth in this Order and the Settlement Agreement.

  8. The Court finds that the Notice, which is attached as Exhibit A to the Settlement Agreement, comports with Fed. R. Civ. P. 23 and all Constitutional requirements including those of due process.  The Court further finds that the Notice adequately advises the Class about the class action; the terms of the proposed settlement, the benefits available to each Class Member, and the proposed fees and costs to Class Counsel; each Class Member's right to object or opt out of the settlement, and the timing and procedures for doing so; preliminary Court approval of the proposed settlement; and the date of the Final Approval hearing as well as the rights of Class Members to file documentation in support of or in opposition to and appear in connection with said hearing.  The Court further finds that the mailing of the Notice to each Class Member's last known address, with appropriate skip tracing and mail forwarding for Notices returned as undeliverable, as specifically described in the Settlement Agreement, constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed settlement.

  9. The Class Period (for the Settlement Class) in this case begins on November 27, 2013 and ends on the earlier of the date that Phillips 66 ceases operations at its Los Angeles refinery or the date that is closest to without exceeding 500,000 workweeks actually worked by Class Members.

  10. Within thirty (30) days of the end of the Class Period, Defendant shall provide the Settlement Administrator with the Class Data, as specified in the Settlement Agreement.

11. Within 30 days after receipt of the Class Data, the Settlement Administrator shall mail the Notice in the manner specified in the Settlement Agreement.

12. The Court orders that any Request for Exclusion from the non-PAGA portion of the Settlement must be postmarked no later than 60 days after the Notice is initially mailed to Class Members.

13. Only Settlement Class Members who do not opt out may object to the non-PAGA portion of the Settlement. Class Members who opt out of the Settlement are not eligible to object. All objections must be sent no later than 60 days after the mailing of the Class Notice. A Class Member who fails to send a timely written objection, or appear at the Final Approval Hearing to have their objection heard, shall be deemed to have waived any objections and shall be foreclosed from filing any appeal from any Final Approval Order issued by the Court. The Parties may file a response to any objections submitted by objecting Class Members at or prior to the Final Approval Hearing. Class Members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Settlement Administrator not later than one (1) business day prior to the Final Approval Hearing.

14. The Motion for Attorney Fees must be filed no later than 14 days prior to the deadline for Class Members to object to the Settlement.

15. The Final Approval Hearing shall be held before this Court on June 4, 2026, at 1:30 p.m. in Courtroom 3, to consider the fairness, adequacy, and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees and costs and Class Representatives service payments.

16. Any party to this case, including any Class Member, may be heard in person or by counsel, to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed settlement, the requested attorneys' fees and costs, the requested Class Representatives service payment, and any order of final approval and Judgment regarding such settlement, fees, costs, and

payments; provided however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice.

17. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

18. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Class Members.

**IT IS SO ORDERED.**

Dated: July 24, 2025

By: _____
The Hon. Richard Seeborg
District Court Judge