SETAREH LAW GROUP
Shaun Setareh, Esq. (SBN 204514)
Thomas Segal, Esq. (SBN 222791)
Farrah Grant, Esq. (SBN 293898)
420 N. Camden Drive, Suite 100
Beverly Hills, California 90210
Telephone: (310) 888-7771
Facsimile: (310) 888-0109
shaun@setarehlaw.com
thomas@setarehlaw.com
farrah@setarehlaw.com
Attorneys for Plaintiffs and the Certified Class

ADDITIONAL COUNSEL ON THE NEXT PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. ROBBINS and TIMOTHY GREEN, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>vs.<br><br>PHILLIPS 66 COMPANY, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>*Defendant.* | Case No.: 3:18-cv-00292-RS<br><br>**REVISED [~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT AS MODIFIED BY COURT** |

**JAMES HAWKINS APLC**
James Ross Hawkins, Esq. (SBN 192925)
Gregory Mauro, Esq. (SBN 222239)
9880 Research Drive, Suite 200
Irvine, CA 92618
Telephone: (949) 387-7200
Fax: (949) 387-6676
james@jameshawkinsaplc.com
greg@jameshawkinsaplc.com
*Attorneys for Plaintiffs and the Certified Class*

**[PROPOSED] ORDER**

On October 8, 2026, a hearing was held on Plaintiffs' Motion for Final Approval of Class Action and PAGA Settlement and Motion for Award of Attorneys' Fees, Litigation Expenses, and Class Representative Service Payments.

Plaintiffs Dean A. Robbins, Timothy Green, Keith Washington, and Ian Clare ("Plaintiffs") and Defendant Phillips 66 Company ("Defendant") (collectively, the "Parties") have submitted their Joint Stipulation of Class Action & PAGA Settlement and Release (the "Settlement") (Dkt. 207-1, Ex. 1), which this Court preliminarily approved by its order entered on July 24, 2025 ("Preliminary Approval Order"). Dkt. 215.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court at the final approval hearing on October 8, 2026, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Court confirms certification, for settlement purposes only, of the Settlement Class as follows: "all current and former non-exempt or hourly paid employees who worked for Phillips 66 in California at any time during the Class Period." Settlement ¶ 2. The Class Period is "November 27, 2013 through the date that Phillips 66 ceases operations at its Los Angeles Refinery or the date that is closest to without exceeding 500,000 Workweeks actually worked by Class Members during the Class Period, whichever is earlier." Settlement ¶ 6. The end date of the Class Period is April 10, 2026. Paul Decl. Exh. B § A.

2. Pursuant to the Preliminary Approval Order, a Class Notice was sent to each Class Member in the manner specified in the Settlement Agreement. These papers informed Class Members of the terms of the Settlement, their right to receive a settlement share, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. Zero Class Members filed written objections to the proposed Settlement during this notice period. The Court finds and determines that this notice procedure afforded adequate protections to Class

Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable and satisfied the requirements of law and due process.

3. One individual, Andrew Howard Seed, has submitted an opt-out request. He is excluded from the Settlement Class.

4. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the proposed Class, as defined in the definitions section of the Settlement and conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification, and it is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement.

5. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not submit elections not to participate in the Settlement will be bound by the Settlement in accordance with the Settlement and the Preliminary Approval Order, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. All Settlement Class Members, including Plaintiffs, are bound by this Order and Judgment and by the terms of the Settlement, including the releases provided for in the Agreement. As of the Settlement Date, by operation of this Order and Judgment, each Settlement Class Member, including Plaintiffs, shall be deemed to have fully released, waived, relinquished, and discharged, to the fullest extent permitted by law, all Released Class Claims that he or she may have against the Releasees.

6. The Court finds and determines that the Individual Class Payments to be paid to the Settlement Class Members and PAGA Group Members, as provided for by the Settlement, are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Settlement Class Members and PAGA Group Members out of the Gross Settlement Amount in accordance with the Settlement.

7. The Court finds and determines that the fees and expenses in administrating the Settlement, in an amount up to $14,500.00, are fair and reasonable. The Court hereby gives final approval to and orders that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

8. The Court finds that the application of Setareh Law Group and James Hawkins APLC ("Class Counsel") for Class Counsel fees and reimbursement of litigation costs is fair, adequate, and reasonable, and orders that fees in the amount of one-third of the ~~Gross~~ Settlement Amount, calculated after deducting ~~which is $4,166,666.67,~~ ~~and~~ actual litigation costs in the amount of $205,250.24 be paid to Class Counsel in accordance with the terms of the Settlement, for a total of $4,262,517.70.

9. In addition to any recovery Plaintiffs may receive under the Settlement as Settlement Class Members and/or PAGA Group Members, and in recognition of Plaintiffs' efforts on behalf of the Class, the Court hereby approves and orders the payment of Service Enhancements to each of the four Plaintiffs of $10,000.00 each (totaling $40,000.00).

10. The Court finds and determines the $400,000.00 allocated for PAGA penalties to be fair and reasonable and approves the Settlement pursuant to California Labor Code Section 2699(l). The Court orders payment of PAGA penalties in the amount of $300,000.00 to the California Labor and Workforce Development Agency ("LWDA") representing the LWDA's 75% share, and payment of the remaining $100,000, or 25%, to PAGA Group Members as provided for in the Settlement.

11. Upon the Settlement Effective Date, and pursuant to the terms of the Settlement Agreement, all claims released under the Settlement Agreement are hereby released and extinguished, including the Released Class Claims, the Released PAGA Claims, the release by Named Plaintiffs on behalf of the LWDA and the State of California, and the General Release, each as more fully set forth in the Settlement Agreement.

12. PAGA Group Members will be bound by the PAGA Release whether or not they request exclusion from the Settlement.

13. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

14. Nothing in this order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make payments to the Class Members in accordance with the Settlement.

15. If a Class Member has not cashed his or her check(s) within 120 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to the State of California, to be held and disposed of by the Controller in accordance with California's Unclaimed Property Law for the benefit of the Class Members and PAGA Group Members who did not cash the settlement checks until such time that they claim their property.

16. Within 21 days of the settlement checks going stale, the parties are to file a Post-Distribution Accounting consistent with the Procedural Guidance for Class Action Settlements.

17. The Parties are hereby ordered to comply with the terms of the Settlement.

18. The Court hereby enters final judgment in accordance with the terms of the Settlement, the Preliminary Approval Order entered on July 24, 2025, and this order.

19. This document will constitute a final judgment for purposes of Rule 58, Federal Rules of Civil Procedure.

The Parties will bear their own costs and attorneys' fees except as otherwise provided by this order.

**IT IS SO ORDERED.**

Dated: October 20, 2026

By: ______________________

The Hon. Richard Seeborg
United States District Judge